FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 0 1 2022

TAMMY H. DOWNS, CLERK
By:_____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**ALEXIS BROWN**                                                                **PLAINTIFF**

vs.                                    No. 4:22-cv-502-KGB

**INDEPENDENT CASE MANAGEMENT, INC.**                        **DEFENDANT**

**ORIGINAL COMPLAINT**

COMES NOW Plaintiff Alexis Brown ("Plaintiff"), by and through his attorneys Daniel Ford and Josh Sanford of Sanford Law Firm, PLLC, for his Original Complaint against Defendant Independent Case Management, Inc. ("Defendant"), states and alleges as follows:

This case assigned to District Judge Baker
and to Magistrate Judge Ray

**I.   PRELIMINARY STATEMENTS**

1.   This is an action brought by Plaintiff against Defendant for violations of the minimum wage and overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201 *et seq.* (the "AMWA"), and Ark. Code Ann. § 11-4-405.

2.   Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's failure to pay proper wages under the FLSA and the AMWA.

**II.   JURISDICTION AND VENUE**

3.   The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. This Complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

5. Defendant conducts business within the State of Arkansas, facilitating self-directed home care.

6. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Arkansas.

7. Defendant does business in this district and a substantial part of the events alleged herein occurred within the Western Division of the Eastern District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

8. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

9. Plaintiff is a citizen of the United States and a resident and domiciliary of the State of Arkansas.

10. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

11. Defendant is a domestic, not-for-profit corporation.

12. Defendant's registered agent for service is Josh Wilson, at 1525 Merrill Drive, Suite 100, Little Rock, Arkansas 72211.

13. Within the three years preceding the filing of this Complaint, Defendant has continuously employed at least four employees.

14. Defendant has at least two employees engaged in commerce or in the production of goods for commerce, or handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce such as cleaning supplies, toiletries and personal care items materials manufactured in another state for sale in the State of Arkansas.

15. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

### IV.   FACTUAL ALLEGATIONS

16. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

17. Defendant employed Plaintiff as a home health care worker between within the three years preceding the filing of this Complaint.

18. As a home health care worker, Plaintiff assisted his clients with personal care, bathing, grooming, administering medication, and preparing meals.

19. The wages that Plaintiff received from Defendant were provided by the Independent Choices program.

20. Defendant interviewed Plaintiff before hiring them.

21. Defendant retained the power to fire Plaintiff.

22. Defendant set the work schedules for Plaintiff.

23. Defendant offered personal care services to its customers and assigned Plaintiff to Defendant's customers so that Plaintiff could provide those services.

24. Defendant monitored and maintained records of at least some of the hours worked by Plaintiff.

25. Plaintiff received paychecks directly from Defendant.

26. Defendant performed periodic assessments of Plaintiff and the clients that they performed services for at the clients' homes.

27. As a result of the pay policies imposed by Defendant on Plaintiff, Defendant failed to pay Plaintiff for all the hours they worked.

28. Plaintiff regularly worked in excess of forty hours per week for Defendant.

29. More particularly, Defendant regularly scheduled Plaintiff to work hours in excess of forty per week.

30. At times, Plaintiff was required to work in excess of the hours Defendant scheduled him to work, such as when the home health care worker or other caretaker relieving Plaintiff at the end of his shift showed up late or not at all, requiring Plaintiff to continue working to provide care for the client until relief arrived.

31. Beginning in approximately March of 2020, Defendant's time-keeping and pay policies required Plaintiff to submit timesheets reflecting shifts worked, not actual hours. The only exception to this rule was if the actual hours worked were less than the scheduled hours, in which case Plaintiff was required to record actual hours.

32. Plaintiff submitted timesheets according to Defendant's policies.

33. Because Plaintiff often worked hours beyond his scheduled shifts in weeks in which they also worked more than forty hours per week, Defendant's polices resulted in Defendant failing to pay Plaintiff overtime for all hours worked over forty per week.

34. Defendant was aware that Plaintiff was working hours in excess of forty per week and beyond his scheduled shifts for which they were not being paid. Defendant's policies required Plaintiff to continue working until relief—often Defendant's own employees—arrived but also required Plaintiff to report only scheduled hours worked.

35. Beginning in approximately March of 2020, Defendant began instructing Plaintiff that he should no longer report more than forty hours per week on their timesheets.

36. Despite this policy change, Defendant did not change the working schedules of Plaintiff, so Plaintiff continued working hours in excess of forty per week in almost every week in which he worked for Defendant.

37. Despite working hours in excess of forty per week, Plaintiff submitted timesheets to Defendant generally reflecting forty hours per week or less, according to Defendant's instructions.

38. As a result, Plaintiff was not paid for all hours worked in excess of forty per week.

39. Upon information and belief, in some instances Plaintiff worked so many hours in excess of forty that their effective pay per hour was reduced to less than minimum wage.

40. Defendant was aware of the hours worked by Plaintiff because Defendant set his schedule, and Defendant was aware of instances in which relief did not arrive in time to allow Plaintiff to leave work at their scheduled shift ending times.

## V. FIRST CLAIM FOR RELIEF
### Individual Action under the FLSA

41. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

42. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

43. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

44. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours up to 40 in a week and to pay 1.5x their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

45. Defendant classified Plaintiff as non-exempt from the overtime protections of the FLSA.

46. Defendant failed to pay Plaintiff a minimum wage for all hours worked.

47. Defendant failed to pay Plaintiff a proper overtime rate for all hours worked over forty (40) each week.

48. Defendant knew or should have known that its actions violated the FLSA.

49. Defendant's conduct and practices, as described above, were willful.

50. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

51. Defendant has not acted in good faith or with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wage and unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

52. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

### VI. SECOND CLAIM FOR RELIEF
### Individual Action under the AMWA

49. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

50. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA.

51. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

52. Ark. Code Ann. § 11-4-211 requires employers to pay all employees one and one-half (1.5) times their regular wages for all hours worked over forty (40) per week.

53. The AMWA allows a public agency to pay compensatory time off in lieu of monetary overtime compensation, but it must be at the rate of not less than one and one-half (1.5) hours for each hour of overtime work.

54. Despite Plaintiff's entitlement to lawful compensatory time or overtime payments under the AMWA, Defendant failed to pay Plaintiff a lawful overtime premium or provide lawful compensatory time.

55. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

56. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for, and Plaintiff seeks, monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint pursuant to Ark. Code Ann. § 11-4-218.

57. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the AMWA, he is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Alexis Brown respectfully prays that Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A. Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA, the AMWA, and their related regulations;

B. Judgment for damages suffered by Plaintiff for all unpaid minimum wage and overtime premiums under the FLSA, the AMWA and their related regulations;

C. Judgment for liquidated damages owed to Plaintiff pursuant to the FLSA, the AMWA, and their related regulations;

D. An order directing Defendant to pay Plaintiff prejudgment interest, a reasonable attorney's fee and all costs connected with this action; and

E. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**ALEXIS BROWN, PLAINTIFF**

SANFORD LAW FIRM, PLLC
KIRKPATRICK PLAZA
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

_____
Daniel Ford
Ark. Bar No. 2014162
daniel@sanfordlawfirm.com

_____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com