IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**ALEXIS BROWN, MARI-LOU ASHLEY,**                                                                **PLAINTIFFS**
**REBECCA BAKER, STARLETTA BIGGS,**
**THOMAS BOOTH, KYLE BORDERS, LOIS**
**CALLAWAY, ASHLEY CARTER, BRANDY**
**DAVIS, RONALD EPPS, JESSICA FARRIS**
**DONNA GARDEN, TONYA HARGAN, TERRY**
**HAYHURST, HELEN HOGAN, HELEN**
**HOLLINGSWORTH, STAN JULICH, PAULINE**
**LEWIS, TINA MARKS, ROXANNA MENDOZA,**
**BRITTNEY METZ, CHRISTY MILBURN-SMITH,**
**KEANNA MILLER, LORRIE MITCHELL,**
**CARLETTA MORRIS, KARLA MOUNT,**
**MARANDA NEGRETE, RANIESHA PARKER,**
**CORTNEY PENSE, DAVON POLK, TRAVON**
**POLK, RON PULLEASE, KAYLI ROCKETT,**
**EMMA ROSS, JACQUELINE SINGLETON,**
**GEORGANN SMITH, KIMBERLY SMITH,**
**ORA SMITH, JOYCE SPROLES, BETHANY**
**STEWART, SYLVIA STOCKSTILL, TASIA**
**STRONG, VERONICA TUCKER, ALEX**
**TURNER, AMY WALKER, DEVIN WASHAUSEN,**
**LOUIS WASHAUSEN, JULIE WEAVER, and**
**KEYIA WYATT, Each Individually and**
**On Behalf of All Others Similarly Situated**

vs.                                    No. 4:22-cv-502-DPM

**INDEPENDENT CASE MANAGEMENT, INC.**                                            **DEFENDANT**

**FIRST AMENDED AND SUBSTITUTED COMPLAINT**

Plaintiffs Alexis Brown, et al. ("Plaintiffs"), by and through their attorney Josh Sanford of Sanford Law Firm, PLLC, for his First Amended and Substituted Complaint against Defendant Independent Case Management, Inc. ("Defendant"), states and alleges as follows:

## I. PRELIMINARY STATEMENTS

1. The purpose of this First Amended and Substituted Complaint ("Complaint") is to add the remaining Putative Plaintiffs from the decertified FLSA Collective Action in the case styled *Bonnie Norman, et al. v. Independent Case Management, Inc.*, U.S.D.C. (E.D. Ark.), Case No. 4:20-cv-492-DPM, as Plaintiffs to this action.

2. This is an action brought by Plaintiff Alexis Brown against Defendant for violations of the minimum wage and overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201 *et seq.* (the "AMWA"), and Ark. Code Ann. § 11-4-405.

3. Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's failure to pay proper wages under the FLSA and the AMWA.

## II. JURISDICTION AND VENUE

4. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. This Complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

6. Defendant conducts business within the State of Arkansas, facilitating self-directed home care.

7. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Arkansas.

8. Defendant does business in this district and a substantial part of the events alleged herein occurred within the Western Division of the Eastern District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

### III. THE PARTIES

9. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

10. Plaintiff Alexis Brown is a citizen of the United States and a resident and domiciliary of the State of Arkansas.

11. Plaintiff Mari-Lou Ashley is a citizen of the United States and a resident and domiciliary of the State of Arkansas.

12. Plaintiff Rebecca Baker is a citizen of the United States and a resident and domiciliary of the State of Arkansas.

13. Plaintiff Starletta Biggs is a citizen of the United States and a resident and domiciliary of the State of Arkansas.

14. Plaintiff Thomas Booth is a citizen of the United States and a resident and domiciliary of the State of Arkansas.

15. Plaintiff Kyle Borders is a citizen of the United States and a resident and domiciliary of the State of Arkansas.

16. Plaintiff Lois Callaway is a citizen of the United States and a resident and domiciliary of the State of Arkansas.

17. Plaintiff Ashely Carter is a citizen of the United States and a resident and domiciliary of the State of Arkansas.

18. Plaintiff Brandy Davis is a citizen of the United States and a resident and domiciliary of the State of Arkansas.

19. Plaintiff Ronald Epps is a citizen of the United States and a resident and domiciliary of the State of Arkansas.

20. Plaintiff Jessica Farris is a citizen of the United States and a resident and domiciliary of the State of Arkansas.

21. Plaintiff Donna Garden is a citizen of the United States and a resident and domiciliary of the State of Arkansas.

22. Plaintiff Tonya Hargan is a citizen of the United States and a resident and domiciliary of the State of Arkansas.

23. Plaintiff Terry Hayhurst is a citizen of the United States and a resident and domiciliary of the State of Arkansas.

24. Plaintiff Helen Hogan is a citizen of the United States and a resident and domiciliary of the State of Arkansas.

25. Plaintiff Helen Hollingsworth is a citizen of the United States and a resident and domiciliary of the State of Arkansas.

26. Plaintiff Stan Julich is a citizen of the United States and a resident and domiciliary of the State of Arkansas.

27. Plaintiff Pauline Lewis is a citizen of the United States and a resident and domiciliary of the State of Arkansas.

28. Plaintiff Tina Marks is a citizen of the United States and a resident and domiciliary of the State of Arkansas.

29. Plaintiff Roxanna Mendoza is a citizen of the United States and a resident and domiciliary of the State of Arkansas.

30. Plaintiff Brittney Metz is a citizen of the United States and a resident and domiciliary of the State of Arkansas.

31. Plaintiff Christy Milburn-Smith is a citizen of the United States and a resident and domiciliary of the State of Arkansas.

32. Plaintiff Keanna Miller is a citizen of the United States and a resident and domiciliary of the State of Arkansas.

33. Plaintiff Lorrie Mitchell is a citizen of the United States and a resident and domiciliary of the State of Arkansas.

34. Plaintiff Carletta Morris is a citizen of the United States and a resident and domiciliary of the State of Arkansas.

35. Plaintiff Karla Mount is a citizen of the United States and a resident and domiciliary of the State of Arkansas.

36. Plaintiff Maranda Negrete is a citizen of the United States and a resident and domiciliary of the State of Arkansas.

37. Plaintiff Raniesha Parker is a citizen of the United States and a resident and domiciliary of the State of Arkansas.

38. Plaintiff Cortney Pense is a citizen of the United States and a resident and domiciliary of the State of Arkansas.

39. Plaintiff Davon Polk is a citizen of the United States and a resident and domiciliary of the State of Arkansas.

40. Plaintiff Travon Polk is a citizen of the United States and a resident and domiciliary of the State of Arkansas.

41. Plaintiff Ron Pullease is a citizen of the United States and a resident and domiciliary of the State of Arkansas.

42. Plaintiff Kayli Rockett is a citizen of the United States and a resident and domiciliary of the State of Arkansas.

43. Plaintiff Emma Ross is a citizen of the United States and a resident and domiciliary of the State of Arkansas.

44. Plaintiff Jacqueline Singleton is a citizen of the United States and a resident and domiciliary of the State of Arkansas.

45. Plaintiff Georgann Smith is a citizen of the United States and a resident and domiciliary of the State of Arkansas.

46. Plaintiff Kimberly Smith is a citizen of the United States and a resident and domiciliary of the State of Arkansas.

47. Plaintiff Ora Smith is a citizen of the United States and a resident and domiciliary of the State of Arkansas.

48. Plaintiff Joyce Sproles is a citizen of the United States and a resident and domiciliary of the State of Arkansas.

49. Plaintiff Bethany Stewart is a citizen of the United States and a resident and domiciliary of the State of Arkansas.

50. Plaintiff Sylvia Stockstill is a citizen of the United States and a resident and domiciliary of the State of Arkansas.

51. Plaintiff Tasia Strong is a citizen of the United States and a resident and domiciliary of the State of Arkansas.

52. Plaintiff Veronica Tucker is a citizen of the United States and a resident and domiciliary of the State of Arkansas.

53. Plaintiff Alex Turner is a citizen of the United States and a resident and domiciliary of the State of Arkansas.

54. Plaintiff Amy Walker is a citizen of the United States and a resident and domiciliary of the State of Arkansas.

55. Plaintiff Devin Washausen is a citizen of the United States and a resident and domiciliary of the State of Arkansas.

56. Plaintiff Louis Washausen is a citizen of the United States and a resident and domiciliary of the State of Arkansas.

57. Plaintiff Julie Weaver is a citizen of the United States and a resident and domiciliary of the State of Arkansas.

58. Plaintiff Keyia Wyatt is a citizen of the United States and a resident and domiciliary of the State of Arkansas.

59. At all times material herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA.

60. Defendant is a domestic, not-for-profit corporation.

61. Defendant's registered agent for service is Josh Wilson, at 1525 Merrill Drive, Suite 100, Little Rock, Arkansas 72211.

62. Within the three years preceding the filing of this Complaint, Defendant has continuously employed at least four employees.

63. Defendant has at least two employees engaged in commerce or in the production of goods for commerce, or handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce such as cleaning supplies, toiletries and personal care items materials manufactured in another state for sale in the State of Arkansas.

64. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

## IV.   FACTUAL ALLEGATIONS

65. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

66. Defendant employed Plaintiffs as home health care workers between within the three years preceding the filing of this Complaint.

67. As home health care workers, Plaintiffs assisted their clients with personal care, bathing, grooming, administering medication, and preparing meals.

68. The wages that Plaintiffs received from Defendant were provided by the Independent Choices program.

69. Defendant interviewed Plaintiffs before hiring them.

70. Defendant retained the power to fire Plaintiffs.

71. Defendant set the work schedules for Plaintiffs.

72. Defendant offered personal care services to its customers and assigned Plaintiffs to Defendant's customers so that Plaintiffs could provide those services.

73. Defendant monitored and maintained records of at least some of the hours worked by Plaintiffs.

74. Plaintiffs received paychecks directly from Defendant.

75. Defendant performed periodic assessments of Plaintiffs and the clients that they performed services for at the clients' homes.

76. As a result of the pay policies imposed by Defendant on Plaintiffs, Defendant failed to pay Plaintiffs for all the hours they worked.

77. Plaintiffs regularly worked in excess of forty hours per week for Defendant.

78. More particularly, Defendant regularly scheduled Plaintiffs to work hours in excess of forty per week.

79. At times, Plaintiffs were required to work in excess of the hours Defendant scheduled them to work, such as when the caretaker relieving Plaintiffs at the end of their shift showed up late or not at all, requiring Plaintiffs to continue working to provide care for the client until relief arrived.

80. Beginning in approximately March of 2020, Defendant's time-keeping and pay policies required Plaintiffs to submit timesheets reflecting shifts worked, not actual hours. The only exception to this rule was if the actual hours worked were less than the scheduled hours, in which case Plaintiffs were required to record actual hours.

81. Plaintiffs submitted timesheets according to Defendant's policies.

82. Because Plaintiffs often worked hours beyond their scheduled shifts in weeks in which they also worked more than forty hours per week, Defendant's polices

resulted in Defendant failing to pay Plaintiffs overtime for all hours worked over forty per week.

83. Defendant was aware that Plaintiffs were working hours in excess of forty per week and beyond their scheduled shifts for which they were not being paid. Defendant's policies required Plaintiffs to continue working until relief—often Defendant's own employees—arrived but also required Plaintiffs to report only scheduled hours worked.

84. Beginning in approximately March of 2020, Defendant began instructing Plaintiffs that they should no longer report more than forty hours per week on their timesheets.

85. Despite this policy change, Defendant did not change the working schedules of Plaintiffs, so Plaintiffs continued working hours in excess of forty per week.

86. Despite working hours in excess of forty per week, Plaintiffs submitted timesheets to Defendant generally reflecting forty hours per week or less, according to Defendant's instructions.

87. As a result, Plaintiffs were not paid for all hours worked in excess of forty per week.

88. Upon information and belief, in some instances Plaintiffs worked so many hours in excess of forty that their effective pay per hour was reduced to less than minimum wage.

89. Defendant was aware of the hours worked by Plaintiffs because Defendant set their schedule, and Defendant was aware of instances in which relief did not arrive in time to allow Plaintiffs to leave work at their scheduled shift ending times.

## V.   FIRST CLAIM FOR RELIEF
### Individual Action under the FLSA

90. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

91. Plaintiffs assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

92. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

93. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours up to 40 in a week and to pay 1.5x their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

94. Defendant classified Plaintiffs as non-exempt from the overtime protections of the FLSA.

95. Defendant failed to pay Plaintiffs a minimum wage for all hours worked.

96. Defendant failed to pay Plaintiffs a proper overtime rate for all hours worked over forty (40) each week.

97. Defendant knew or should have known that its actions violated the FLSA.

98. Defendant's conduct and practices, as described above, were willful.

99. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff Alexis Brown's initial complaint, plus periods of equitable tolling.

100. Defendant has not acted in good faith or with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiffs are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wage and unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

101. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## VI. SECOND CLAIM FOR RELIEF
### Individual Action under the AMWA

49. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

50. Plaintiffs assert this claim for damages and declaratory relief pursuant to the AMWA.

51. At all relevant times, Defendant was Plaintiffs' "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

52. Ark. Code Ann. § 11-4-211 requires employers to pay all employees one and one-half (1.5) times their regular wages for all hours worked over forty (40) per week.

53. The AMWA allows a public agency to pay compensatory time off in lieu of monetary overtime compensation, but it must be at the rate of not less than one and one-half (1.5) hours for each hour of overtime work.

54. Despite Plaintiffs' entitlement to lawful compensatory time or overtime payments under the AMWA, Defendant failed to pay Plaintiffs a lawful overtime premium or provide lawful compensatory time.

55. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

56. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for, and Plaintiffs seek, monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint pursuant to Ark. Code Ann. § 11-4-218.

57. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the AMWA, they are entitled to an award of prejudgment interest at the applicable legal rate.

## VII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs respectfully pray that Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A. Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA, the AMWA, and their related regulations;

B. Judgment for damages suffered by Plaintiffs for all unpaid minimum wage and overtime premiums under the FLSA, the AMWA and their related regulations;

C. Judgment for liquidated damages owed to Plaintiffs pursuant to the FLSA, the AMWA, and their related regulations;

D. An order directing Defendant to pay Plaintiffs prejudgment interest, a reasonable attorney's fee and all costs connected with this action; and

E. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**ALEXIS BROWN ET AL., PLAINTIFFS**

SANFORD LAW FIRM, PLLC
KIRKPATRICK PLAZA
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

Sean Short
Ark. Bar No. 2015079
sean@sanfordlawfirm.com