IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**ALEXIS BROWN, et al.**                                                                                      **PLAINTIFFS**

vs.                                         No. 4:22-cv-502-DPM

**INDEPENDENT CASE MANAGEMENT, INC.**                                           **DEFENDANT**

## JOINT MOTION FOR APPROVAL OF LIABILITY SETTLEMENT

Plaintiffs Alexis Brown ("Brown"), *et al.*, and Defendant Independent Case Management, Inc., by and through their undersigned counsel, jointly submit the following Joint Motion for Approval of Settlement:

1.  Brown initiated this action on 1 June 2022, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201 ("AMWA"). ECF No. 1. Brown contends that during his tenure with Defendant, he and a group of other similarly situated employees worked on average several hours each week that went unrecorded and uncompensated, resulting in violations of the minimum wage and overtime provisions of the FLSA and AMWA. *Id.*

2.  Prior to the initiation of this action, all 45 Plaintiffs were members of a collective action that originally was filed by Bonnie Norman against Defendant in the United States District Court for the Eastern District of Arkansas, styled *Bonnie Norman, Individually and on Behalf of All Others Similarly Situated v. Independent Case Management, Inc.*, Case No. 4:20-cv-00492-DPM each asserting individual claims under the FLSA and the AMWA.

Page 1 of 6
Alexis Brown, et al. v. Independent Case Management, Inc.
U.S.D.C. (E.D. Ark.) Case No. 4:22-cv-502-DPM
Joint Motion for Approval of Liability Settlement

3. On 23 May 2022, the Court in the *Norman, et al.* Collective entered an Order granting Defendant's motion for decertification, dismissing each individual with a filed Consent to Join form from the case.

4. Counsel for the *Norman, et al.* Collective and counsel for Defendant (on behalf of their clients) entered into a Tolling Agreement to toll the limitations period applicable to the former plaintiffs (including Alexis Brown) who had asserted claims against Defendant in the *Norman, et al*. collective.

5. In order to avoid the expense and burden of further litigation, the Parties negotiated in good faith a settlement of Plaintiff Brown's individual action and the claims of the decertified *Norman, et al.* Collective at a settlement conference with the Honorable Benecia B. Moore in Little Rock, Arkansas on 12 December 2023.

6. Earlier today, Plaintiffs filed a First Amended Complaint adding each Plaintiff other than Brown as a party-plaintiff to this lawsuit. *See* ECF No. 24. Consistent with the terms of the parties' agreement, all individuals who did not sign an individual settlement agreement were subsequently dismissed without prejudice. *See* ECF No. 25.

7. Defendant disputes Plaintiffs' claims that they performed any work that went unrecorded and uncompensated. In addition, Defendant avers that, to the extent any off-the-clock work was performed, they had no actual or constructive knowledge of such work and accordingly, this time was non-compensable. A bona fide dispute exists as to FLSA wages owed to Plaintiffs.

8. The parties engaged in settlement negotiations with the benefit of extensive discovery regarding Plaintiffs' claims and the time records, compensation, and issues related to the underlying merits of the claims against Defendant, as well as defenses.

Page 2 of 6
**Alexis Brown, et al. v. Independent Case Management, Inc.**
**U.S.D.C. (E.D. Ark.) Case No. 4:22-cv-502-DPM**
**Joint Motion for Approval of Liability Settlement**

9. Following arm's-length settlement negotiations between counsel, the parties have entered into a settlement which is memorialized in one Global Settlement Agreement as well as individual settlement agreements for each Plaintiff.

10. The Global Settlement Agreement signed by Brown is attached hereto as Exhibit 1. Exemplar agreements for the Natural Support and outside caregiver groups of Plaintiffs are attached as Exhibits 2 and 3, respectively. Each exemplar is identical to the other individual agreements within the group save for the name of the Plaintiff and the amount he or she is receiving. An Allocation setting forth each Plaintiff's settlement amount is included at the end of Exhibit 1.

11. Because the FLSA confers non-waivable rights on employees, courts typically review settlements of wage claims to ensure that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable. *Lynn's Food Stores, Inc. v. United States*, 769 F. 3d 1350, 1353 n. 8 (11th Cir. 1982). Court review "ensures that the parties are not negotiating around the FLSA's requirements, and that the settlement represents a fair and reasonable resolution of a bona fide dispute." *Cruthis v. Vision's*, No. 4:12-cv-00244-KGB, 2014 U.S. Dist. LEXIS 117901, at *2 (E.D. Ark. Aug. 19, 2014).

12. Here, the proposed settlement between the parties represents a fair and equitable compromise of bona fide wage and hour disputes. The settlement follows litigation, including the sharing of time and pay records by experienced counsel representing both parties. The parties also engaged in settlement negotiations conducted by opposing counsel at arm's length. The parties understand that, inherent to litigation,

Page 3 of 6
Alexis Brown, et al. v. Independent Case Management, Inc.
U.S.D.C. (E.D. Ark.) Case No. 4:22-cv-502-DPM
Joint Motion for Approval of Liability Settlement

there are uncertainties and risks. The parties understand the expense associated with further pleadings, discovery, a trial, and, potentially, an appeal.

13. Plaintiffs' individual settlement agreements are split into two groups: one for Natural Support (i.e., inside) caregivers and one for outside caregivers. Individuals who worked as Natural Support caregivers are receiving an amount that compensates them for an assumed 1 hour of overtime worked per two-week pay period in which they recorded more than 40 hours during their tenure with Defendant, while outside caregivers are receiving an assumed 7.485 hours per such pay period. The reason for this differentiation is twofold. First, the caselaw with respect to inside caregivers is less favorable, and Plaintiffs acknowledge a higher probability of defeat on those claims than for the outside caregivers. Second, the Parties disagreed sharply about which hours were compensable for inside caregivers.

14. The FLSA provides for an award of a reasonable attorney's fee and costs to prevailing plaintiffs. 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.").

15. The parties have not yet agreed to an amount of attorneys' fees and costs payable to Plaintiffs' counsel. If the parties cannot reach an agreement on the separate payment of attorney fees, counsel for Plaintiffs will submit a fee petition and supporting records with the Court seeking a reasonable award of attorneys' fees and costs. However, if an agreement is reached between the parties as to fees payable to Plaintiffs following the Court's approval of this Motion, then the parties will file a Joint Stipulation of Dismissal.

Page 4 of 6
Alexis Brown, et al. v. Independent Case Management, Inc.
U.S.D.C. (E.D. Ark.) Case No. 4:22-cv-502-DPM
Joint Motion for Approval of Liability Settlement

16. Plaintiffs and Defendant jointly seek dismissal, with prejudice, of Plaintiffs' claims for back wages and all other relief as sought in the Complaint in this action. The parties request that following the Court's approval of the Agreement, the Court dismiss the above-styled action with prejudice and retain jurisdiction to resolve the outstanding issue of attorneys' fees and costs and for the enforcement of the Agreement.

WHEREFORE, Plaintiffs and Defendant jointly request that the Court enter an order dismissing with prejudice Plaintiffs' claims for back wages and all other relief in this lawsuit and approving the Agreement, and for all other relief to which they are entitled.

Respectfully submitted,

**PLAINTIFFS ALEXIS BROWN, ET AL.**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (800) 615-4946

Sean Short
Ark. Bar No. 2015079
sean@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

and   **DEFENDANT INDEPENDENT CASE MANAGEMENT, INC.**

WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201
Telephone: (501) 371-0808

*/s/ William Stuart Jackson*
William Stuart Jackson
Ark. Bar No. 92189
wjackson@wlj.com

Page 5 of 6
Alexis Brown, et al. v. Independent Case Management, Inc.
U.S.D.C. (E.D. Ark.) Case No. 4:22-cv-502-DPM
Joint Motion for Approval of Liability Settlement

        Regina A. Young
        Ark. Bar No. 96161
        ryoung@wlj.com

        Daveante Jones
        Ark. Bar No. 2016163
        dljones@wlj.com

**Page 6 of 6**
**Alexis Brown, et al. v. Independent Case Management, Inc.**
**U.S.D.C. (E.D. Ark.) Case No. 4:22-cv-502-DPM**
**Joint Motion for Approval of Liability Settlement**