# INDIVIDUAL SETTLEMENT AGREEMENT AND RELEASE

This Individual Settlement Agreement and Release ("Individual Release") is made and entered into by and between (1) plaintiff <u>Ashley Carter</u> ("Plaintiff"), and (2) Independent Case Management, Inc. ("Defendant") and its past and present affiliates, predecessors, successors, sister and parent entities and assigns, and all past and present owners, shareholders, board members, executives, directors, officers, administrators, managers, insurance companies, agents, staff, attorneys, present and past employees, as well as any individual that could be included within the definition of "employer" under either the Fair Labor Standards Act (FLSA) or the Arkansas Minimum Wage Act (AMWA), including but not limited to all individual owners, shareholders, executives, officers, directors and managers of Defendant in their personal capacities (all in item (2) collectively referred to as the "Released Parties") (all collectively referred to as the "Parties" or individually referred to as a "Party").

*Whereas*, Plaintiff was a member of a collective action that originally was filed by Bonnie Norman against Defendant in the United States District Court for the Eastern District of Arkansas ("the *Norman, et al.* Court"), styled *Bonnie Norman, Individually and on Behalf of All Others Similarly Situated v. Independent Case Management, Inc.*, Case No. 4:20-cv-00492-DPM ("the *Norman, et al.* Collective"), asserting individual claims under the FLSA and the AMWA. On May 23, 2022, the Court entered an Order in the *Norman, et al.* Collective granting Defendant's motion for decertification and Defendant's motion for summary judgment dismissing the named plaintiff's claims with prejudice;

*Whereas*, on or about June 1, 2022, Alexis Brown, who was a member of the *Norman, et al.* Collective filed a civil action against Defendant in the United States District Court for the Eastern District of Arkansas ("the *Brown* Court"), styled *Alexis Brown v. Independent Case Management, Inc.*, Case No. 4:22-cv-00502-DPM ("the *Brown* Action"), asserting individual claims under the FLSA and the AMWA;

*Whereas*, on September 15, 2022, counsel for the Norman, et al. Collective and counsel for Defendant (on behalf of their clients), entered into a Tolling Agreement agreeing to toll the limitations period applicable to eighty-seven putative plaintiffs (including Alexis Brown and Plaintiff) who had asserted claims against Defendant in the *Norman, et al.* Collective. The Tolling Agreement will end on the date the Court approves the Global Settlement Agreement or payments are disbursed for the *Norman, et al.* Collective to counsel, whichever is earlier;

*Whereas*, in order to avoid the expense and burden of further litigation, the Parties negotiated in good faith a Global Settlement of the claims at a settlement conference with the Honorable Benecia B. Moore in Little Rock, Arkansas on December 12, 2023;

*Whereas*, Defendant denies that it has committed any wrongdoing or violated any state or federal law pertaining to payment of Plaintiff's wages or hours of work and have answered and intended to vigorously defend Plaintiff's federal and state wage and hour law claims; and

*Whereas*, the Parties stipulate that this Individual Release is a final, fair, and reasonable resolution of a bona fide dispute as to both liability in general and the amount of total compensation (whether wages or liquidated damages) that might be due Plaintiff.

*Therefore*, in consideration of the mutual covenants and promises set forth below, the Parties enter into this Individual Release as follows:

1. <u>Consideration</u>.

In consideration for settlement and the release of claims referenced herein on the terms and conditions set forth in this Individual Release, Plaintiff will be entitled to the following:

**$1,605.53** which represents the wages that would be due to Plaintiff if plaintiff worked 7.485 extra hours of overtime for those pay periods in which overtime was worked while employed by Defendant during the time periods covered by the *Norman, et al.* Collective. The consideration provided to Plaintiff under this Paragraph is in exchange for Plaintiff's timely submission of a completed Individual Release under the settlement notice procedures set forth in <u>Paragraph 2</u>, as well as Plaintiff's faithful performance of his/her obligations under this Individual Release. The payment in this Paragraph will be made directly by Defendant and issued as wage income subject to standard withholdings, in accordance with Defendant's usual and customary business payroll processing procedures and tax reporting for employer wage payments by IRS Form W-2. Plaintiff must submit a completed IRS W-4 tax form to Defendant prior to payment being issued. Should the Released Parties incur any liability or loss relative to state or federal taxes owed by Plaintiff incident to the payment made in this Individual Release, Plaintiff agrees to indemnify and hold the Released Parties harmless with respect to any such liability or loss. The payment in this Paragraph will be made within 21 days of the end of the Redemption Period (as defined in <u>Paragraph 2</u>).

Doc ID: 572e25501653efd81c70cfd219647974fbed5aae

In addition, a separate payment of attorney's fees and costs will be made pursuant to the terms of the Global Settlement Agreement, made payable to Sanford Law Firm, PLLC ("Plaintiffs' Counsel"), for which an IRS Form 1099 will be issued to the law firm, in full and complete satisfaction of all claims for attorney's fees and costs of any kind by Plaintiff, all other plaintiffs covered by the Global Settlement Agreement, and Plaintiffs' Counsel. If and to the extent necessary, a proportional amount of this payment will be assigned to this Individual Release.

    2.    <u>Settlement Notice and Payment Procedures</u>.

(a) Plaintiff will have up through March 21, 2024 to submit to Plaintiffs' Counsel a completed Individual Release and an executed IRS Form W-4 (the "Redemption Period").

(b) Within 5 days after the end of the Redemption Period, Plaintiffs' Counsel shall provide to Defendant's Counsel Plaintiff's completed Individual Release and IRS Form W-4.

(c) Within 21 days after the end of the Redemption Period or, if the Court determines that approval of this settlement will be necessary, within 21 days after the Court's approval of this Agreement, whichever is later, Defendant will deliver to Plaintiffs' Counsel the settlement check made payable to Plaintiff.

(d) Plaintiff shall have 90 calendar days from the date of issuance to negotiate their settlement checks. If Plaintiff's check is returned as undeliverable, lost, destroyed or otherwise unusable, Plaintiff may notify Defendant, through Plaintiffs' Counsel, within the 90-day period. Defendant will, upon verification that the original check has not been negotiated, request a stop-payment on the original check and issue a replacement settlement check (minus the $15.00 stop-payment fee) within 7 business days. Plaintiff shall have 60 days from the date of issuance to negotiate the replacement check.

(e) If Plaintiff does not negotiate his/her settlement check within 90 calendar days of issuance (or within 60 days of issuance of a replacement check), and the check is not returned, Plaintiff's check will be void and a stop-payment will be placed. If a replacement check is again returned as undeliverable, lost, destroyed or otherwise unusable, the check will be void and a stop-payment will be placed. In such event, Plaintiff will be deemed to have waived irrevocably any right in or claim to a

Doc ID: 572e25501653efd81c70cfd219647974fbed5aae

settlement share, but this Individual Release nevertheless will be binding upon Plaintiff.

3. <u>Release of Claims</u>.

On the date Plaintiff signs this Agreement, Plaintiff fully releases and discharges Defendant and the Released Parties from any and all claims, debts, penalties, liabilities, demands, obligations, guarantees, costs, expenses, attorney's fees, damages, action or causes of action of whatever kind or nature, whether known or unknown, that were alleged or that reasonably arise out of the acts alleged in the *Norman, et al.* Collective and *Brown* Action, which includes all minimum wage and overtime-related claims under the FLSA and the AMWA, and including associated liquidated damages, interest, and penalty claims that were asserted or could have been asserted under state or federal law in the *Norman, et al.* Collective or the *Brown* Action prior to the execution date of this Individual Release ("Released Claims"). The Released Claims include all wage and hour claims under the FLSA and the AMWA, all claims under state wage payment and collection laws, and all claims under state common law for unjust enrichment and breach of contract. Plaintiff does not release any claim wholly unrelated to the wage and hour subject matter, specifically including those covered by workers' compensation, unemployment compensation or discrimination law, or any other claims that cannot be released by law. The Released Claims include any claims derivative of wage claims being released, for the period through the execution date of this Individual Release.

Plaintiff agrees that he/she has been given a sufficient and reasonable period of time to consider this Individual Release before executing it, has had the opportunity to discuss all the terms in this Individual Release with his/her counsel, and knowingly and voluntarily agrees to all the terms in this Individual Release. Plaintiff understands that through this Individual Release he/she is releasing the Released Parties from any and all Released Claims that Plaintiff may have against them based on any event, occurrence, or claim that was raised or could have been raised prior to the execution date of this Individual Release. Plaintiff agrees to dismiss with prejudice all Released Claims that he/she asserted or could have asserted in the pending *Norman, et al.* Collective or the *Brown* Action.

5. <u>Enforcement Actions</u>.

This Individual Release is fully enforceable in the U.S. District Court for the Eastern District of Arkansas before the Honorable D.P. Marshall Jr. (or such judge as may be designated in their stead by the procedures of the

Doc ID: 572e25501653efd81c70cfd219647974fbed5aae

Court), who shall retain jurisdiction over the *Brown* Action to enforce this Individual Release.

6. Construction.

The Parties hereto agree that the terms and conditions of this Individual Release are the result of lengthy, intensive, arm's length negotiations between the Parties and that the Individual Release shall not be construed in favor of or against any Party by reason of the extent to which any Party or his/her or its Counsel participated in the drafting of this Individual Release. This Individual Release shall be construed in accordance with the substantive laws of Arkansas without regard to conflicts of law principles.

7. Captions and Interpretations.

Paragraph titles or captions contained herein are inserted as a matter of convenience and for reference, and in no way define, limit, extend or describe the scope of this Individual Release or any provision hereof. Each term of this Individual Release is contractual and not merely a recital.

8. Modification.

This Individual Release may not be changed, altered, or modified except in writing and signed by the Parties hereto, and approved by the Court. This Individual Release may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties hereto.

9. Integration Clause.

This Individual Release constitutes the entire agreement between the Parties relating to the specific settlement and transaction contemplated hereby, and all prior or contemporaneous agreements, understandings, representations and statements, whether oral or written and whether by a Party or such Party's Counsel, agreed to by the Parties in this matter, are merged herein. No rights hereunder may be waived except in writing.

10. No Prior Assignments.

This Individual Release shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, trustees, executors, administrators and successors. The Parties hereto represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer or encumber to any person or

Doc ID: 572e25501653efd81c70cfd219647974fbed5aae

entity any portion of any liability, claim, demand, action, cause of action, or rights herein released and discharged except as set forth herein.

11. **Counterparts**.

This Individual Release may be executed electronically and in counterparts. When each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Individual Release, which shall be binding upon and effective as to all Parties. Signatures sent by facsimile machine or scanned signatures in Portable Document Format sent by email shall be deemed original signatures.

12. **Court Approval and Potential Voiding of Individual Release**.

Pursuant to the terms of the Parties' Global Settlement, this Individual Release may be subject to Court approval. A failure of the Court to approve any material condition which effects a fundamental change of the Individual Release or the Parties' Global Settlement Agreement (which does not include the amount of the attorney's fee award as referenced in **Paragraph 6(b)** of the Global Settlement Agreement) shall render the entire Individual Release voidable and unenforceable as to all Parties herein at the option of the Party adversely affected thereby.

Doc ID: 572e25501653efd81c70cfd219647974fbed5aae

**PLEASE READ CAREFULLY. THIS SEVEN (7) PAGE INDIVIDUAL RELEASE INCLUDES A WAIVER AND RELEASE OF CLAIMS.**

INDEPENDENT CASE MANAGEMENT, INC.

*[signature: Ashley]*
**PLAINTIFF'S SIGNATURE**

By: _____

Ashley Carter
**PLAINTIFF'S PRINTED NAME**

Title: _____

Date: 02 / 21 / 2024

Date: _____

Doc ID: 572e25501653efd81c70cfd219647974fbed5aae